PAUL M. GLEASON (SBN: 155569)
GLEASON & FAVAROTE, LLP
4014 LONG BEACH BLVD., STE. 300
LONG BEACH, CA 90807
(213) 452-0510 Telephone
(213) 452-0514 Facsimile
pgleason@gleasonfavarote.com

Attorneys for Defendants CORECIVIC, INC.,
CORECIVIC, LLC and CORECIVIC OF TENNESSEE, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO — CENTRAL — HALL OF JUSTICE

**'24CV0446 JES MSB**

| | |
|---|---|
| JURAMAY OLIVA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation; CORECIVIC, LLC, a Delaware limited liability company; CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2024-00004988-CU-WT-CTL<br><br>**DEFENDANTS CORECIVIC, INC., CORECIVIC, LLC, AND CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Judge: Hon. Richard S. Whitney<br>Dept: C-68<br><br>Action Filed: February 2, 2024<br>Trial Date: none |

///
///
///
///
///
///
///
///

TO PLAINTIFF JURAMAY OLIVA AND HER ATTORNEYS OF RECORD:

Defendants CoreCivic of Tennessee, LLC, CoreCivic, Inc., and CoreCivic, LLC (collectively "Defendants"), hereby answer the unverified Complaint filed on behalf of plaintiff Juramay Oliva ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants generally deny each and every allegation and cause of action contained in Plaintiff's Complaint, and further deny that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendants.

Additionally, Defendants assert the following affirmative defenses and pray for judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Labor Code sections 201-203, 226, 558, 558.1, 1102.5, 1194 and Business & Professions Code sections 17200 *et. seq.*, and/or any other applicable statutes of limitation.

## SECOND AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

2. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims, are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff has or had unclean hands with respect to the matters alleged in her

Complaint, and on that ground, is barred from recovering any relief on her Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

4. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that the Complaint fails to allege complaints or claims sufficient to sustain the imposition of punitive damages against Defendants pursuant to California Civil Code section 3294.

## FIFTH AFFIRMATIVE DEFENSE
### (Constitution Limit on Punitive Damages)

5. Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint, on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendants under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

6. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff has failed to exhaust her administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff is barred, in whole or in part, for the reason that, by her actions, Plaintiff is estopped from bringing any claim for relief against Defendants.

///

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants are informed and believe, and based upon such information and belief allege, that by her conduct, Plaintiff has waived any right to recover any relief by her Complaint.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

9. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

10. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that said Complaint fails to allege complaints sufficient to allow recovery of attorneys' fees from Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, Plaintiff may not recover for such damages because by her own acts and omissions, she has failed to properly mitigate those damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

12. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Mixed-Motive Defense)

13. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege, assuming *arguendo,* that there was a violation of the Labor Code and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible conduct, the employment actions taken herein still would have been taken due to lawful, legitimate, nonprohibited, and/or independent reason(s). Defendants herewith raise the "mixed-motive" defense.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that such claims are barred, in whole or in part, because Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that any potential recovery by Plaintiff is barred or at a minimum limited by the doctrine of avoidable consequences.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Corrective Action)

16. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that at all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly any purportedly retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendants or to avoid harm otherwise, Plaintiff's claim is barred.

///

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Good and Lawful Cause)

17.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that at all times relevant hereto, Plaintiff is barred from any recovery in this action because there were good and sufficient lawful cause and reasons for any alleged employment actions that affected Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Reason)

18.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that its conduct was a just and proper exercise of business judgement and managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Business Judgment Rule)

19.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that all actions and conduct by Defendants about which Plaintiff complains would have been made or taken regardless of any retaliatory conduct alleged, and that all actions by Defendants about which Plaintiff complains were for just, fair, privileged, justified, non-retaliatory, non-harassing, non-discriminatory, and legitimate business reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Speculative Damages)

20.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims for damages are precluded to the extent those alleged damages are speculative.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Outrageous Conduct)

21.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiff suffered any emotional distress (and

Defendants deny that Plaintiff suffered any such distress), the conduct causing Plaintiff's emotional distress was not outrageous and the emotional distress was not severe.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith Dispute)

22. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein,, Defendants deny that it owed any amounts to Plaintiff; but if it should be determined that any amounts are owed, Defendants allege that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Arbitrary, Oppressive or Confiscatory Penalties)

23. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff is not entitled to recover any civil penalties, and/or any recovery of penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive or confiscatory.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Workers Compensation Preemption)

24. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations were denied, Plaintiff's exclusive remedy for the damages is governed by the California Workers Compensation Act, Cal. Labor §§3200 *et. seq.* and 3600 *et. seq.*

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Ratification)

25. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendants and that at all times, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendants with regard to the acts as alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Bad Faith)

26. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that none of Defendants' acts were spiteful, malicious, in bad faith or motivated by any ill will or fraud. Instead, Defendants' acts, if any, were privileged, non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with Defendants' rights as accorded by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Obligations)

27. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that the Complaint is barred and/or the alleged damages must be reduced, in whole or in part, because Plaintiff breached her obligations to her employer.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Impossibility)

28. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Outside the Scope of Employment)

29. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that, to the extent any alleged retaliation occurred, which Defendants deny, any alleged retaliation committed by any employees or agents of Defendants was outside the scope and course their respective employment.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Apportionment)

30. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiff sustained any loss under the circumstances alleged in the Complaint, which is denied, Defendants are liable only for that portion of damages,

if any, that corresponds to Defendants' degree of fault or responsibility, and Defendants are not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person or entity, whether named or unnamed in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Pre-Existing Conditions)

31. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Offset or Setoff)

32. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that if Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendants deny, Defendants are entitled to offset/setoff against any such recovery any and all amounts owed to Defendants by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendants by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Willfulness or Knowing and Intentional Conduct)

33. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not willful, nor was its conduct knowing and intentional.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (No Liquidated Damages)

34. As a separate and affirmative defense to Plaintiff's fourth cause of action, Defendants allege that, even assuming *arguendo* that Plaintiff was not paid minimum wages earned

by Plaintiff, Plaintiff is not entitled to recover liquidated damages because Defendants' alleged failure to comply with California Labor Code Section 1194 was in "good faith" and Defendants "had reasonable grounds for believing that the ... omission was not a violation of any provision of the Labor Code relating to minimum wage."

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Failure to Pay Wages)

35. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that it at all times has complied with its statutory obligation to pay wages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Non-Compensable)

36. As a separate and affirmative defense to Plaintiff's complaint, Defendants allege that some or all or certain hours claimed by Plaintiff are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

37. As a separate affirmative defense to Plaintiff's Complaint, Defendants assert that Plaintiff would be unjustly enriched if she is awarded the relief she seeks, and such relief is therefore barred.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Compliance with Wage Laws)

38. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that Plaintiff's complaint is barred, in whole or in part, because Defendants acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hour laws and has a good faith legal defense to all claims.

///

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption)

39. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that, to the extent Plaintiff's claims involve conduct relating to unionization, or seek remedies that are governed or regulated by federal law or a collective bargaining agreement, such claims are preempted by federal law, including the National Labor Relations Act, 29 U.S.C. § 158, et seq., and/or the Labor Management Relations Act, 29 U.S.C. § 185, et seq.

## FORTIETH AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

40. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's complaint is barred, in whole or in part, against CoreCivic, Inc. and CoreCivic, LLC because neither entity was Plaintiff's employer.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Establish Prima Facie Elements)

41. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint fails and must be dismissed because Plaintiff cannot establish the *prima facie* elements of the causes of action alleged therein.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Protected Activity)

42. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Plaintiff failed to engage in protected activity.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

43. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Defendants would have discharged Plaintiff if she had continued to work and Plaintiff's alleged complaints,

and/or other alleged protected activity was not a reason for her termination.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Jurisdiction)

44. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, to the extent Plaintiff makes allegations or claims that were not made the subject of a timely complaint or petition against Defendants submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Satisfaction and Accord)

45. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Actual Injuries)

46. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendants' acts, conduct, or omissions as alleged in the Complaint.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Novation)

47. As a separate affirmative defense to Plaintiff's Complaint, Defendants assert that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, based on one or more novations.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Fraud)

48. As a separate affirmative defense to Plaintiff's Complaint, Defendants assert that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine

of fraud.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Res Judicata)

49. As a separate affirmative defense to Plaintiff's Complaint, Defendants assert that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel to the extent claims have been adjudicated in other proceedings.

## FIFTIETH AFFIRMATIVE DEFENSE

### (At-Will Employee)

50. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that some or all of Plaintiff's claims fail because Plaintiff was at all times employed as an at-will employee of CoreCivic of Tennessee, LLC.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Care)

51. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that at all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly any purportedly retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendants or to avoid harm otherwise, Plaintiff's claim is barred.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

52. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Vagueness)

53. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that the Complaint does not describe the events and

claims therein with sufficient particularity to enable Defendants to determine all of the affirmative defenses that may pertain to the Complaint once the precise nature of such events and claims are determined.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE
### (Insufficient Knowledge)

54. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendants allege that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendants reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of Plaintiff's vague Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by this action;
2. That the Complaint be dismissed with prejudice;
3. That judgment be entered in favor of Defendants;
4. For costs of suit and for reasonable attorneys' fees incurred by Defendants; and

For such other and further relief as the Court deems just and proper.

Dated: March 5, 2024

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON

By: _____
Paul M. Gleason

Attorneys for Defendants CORECIVIC, INC., CORECIVIC, LLC and CORECIVIC OF TENNESSEE, LLC

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On March 5, 2024, I served a copy(ies) of the following document(s):
**DEFENDANTS CORECIVIC, INC., CORECIVIC, LLC, AND CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Jared A. Veliz<br>Justin O. Walker<br>Alice F. Wargo<br>WALKER LAW, PC<br>2247 San Diego Ave., Suite 136<br>San Diego, CA 92110<br>jared@walkerlawsd.com<br>justin@walkerlawsd.com<br>alice@walkerlawsd.com<br>Tel: (619) 839-9978 | Attorneys for Plaintiff JURAMAY OLIVA | One Legal, LLC |

☒ [BY DESIGNATED ELECTRONIC FILING SERVICE] I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on March 5, 2024, at Long Beach, California.

Thomas Steinhart

## PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On March 6, 2024, I served a copy(ies) of the following document(s):
**DECLARATION OF PAUL GLEASON IN SUPPORT OF DEFENDANTS CORECIVIC, INC., CORECIVIC, LLC, AND CORECIVIC OF TENNESSEE, LLC'S NOTICE OF REMOVAL**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Jared A. Veliz<br>Justin O. Walker<br>Alice F. Wargo<br>WALKER LAW, PC<br>2247 San Diego Ave., Suite 136<br>San Diego, CA 92110<br>jared@walkerlawsd.com<br>justin@walkerlawsd.com<br>alice@walkerlawsd.com<br>Tel: (619) 839-9978 | Attorneys for Plaintiff<br>JURAMAY OLIVA | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY CM/ECF SYSTEM] I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that this declaration was executed on March 6, 2024, at Long Beach, California.

Thomas Steinhart